WOOLMAN CONSTRUCTION CO. v. COCHRANE.

DRAINS—CONTRACTS—REMOVAL OF ROCK—AMOUNT RECOVERABLE.
On rehearing, the former opinion (235 Mich. 117) is
modified by remanding the case for new trial and determi-
nation of the following questions of fact:    Whether the
rock encountered was of such character as would ordi-
narily have been blasted; if so, the amount plaintiff is
entitled to recover, in view of the special agreement,
but limited, however, to the amount it would have been
entitled to had the rock been blasted as provided by the
original written contract.    STEERE, WIEST, and CLARK,
JJ., dissenting.

Certiorari to Jackson; Parkinson (James A.), J.
Submitted April 6, 1926.    (Calendar No. 31,335.)
Decided June 7, 1926.    Submitted on rehearing
October 22, 1926.    Former opinion modified April 1,
1927.

Mandamus by the Woolman Construction Company
to compel Emmett E. Cochrane, drain commissioner
of Jackson county, and others to pay an order for the
construction of a drain.    From an order denying the
writ, plaintiff brings certiorari.    Reversed and re-
manded.

*Richard Price,* for appellant.

*Cobb, Bisbee & Wilson,* for appellee Cochrane.

ON REHEARING.

SNOW, J.    The cause was first argued and sub-
mitted at the April, 1926, term of this court, and
decided June 7th following.    See 235 Mich. 117.    A
rehearing was granted, and it was again argued and

Appeal and Error, 4 C. J. § 2535.

submitted at the October, 1926, term. Our former opinion renders unnecessary a restatement of the facts, or the discussion of more than one feature of the case, in which respect only such opinion is modified.

We there said:

"We are constrained to hold that plaintiff is entitled to the compensation as agreed upon between it and the commissioners up to the amount it would have been entitled to under the contract, had it blasted the rock. While it has been asserted by plaintiff that the amount agreed upon was less than the cost would have been under the terms of the contract for blasting, there is no satisfactory evidence as to the correctness of this assertion." p. 123.

Also:

"But the allowance and payment by the defendants to plaintiff of an amount satisfactory to all parties must be held as determining it, and defendants may not now question their act of voluntary payment of this amount, although the question of whether or not it exceeded the amount that would have been allowed for blasting might not have been considered by them." p. 123.

It is now contended by the defendant Cochrane that he failed to offer proof bearing upon this proposition because of the intimation from the trial court of its intention to direct a verdict in his favor. Under the circumstances, we feel such proof should now be permitted.

We also, in our former opinion, held that solid rock, which would ordinarily require blasting, was in fact encountered by the contractor, but that because of unusual conditions blasting could not be resorted to, and that picking the rock to pieces by the dipper became necessary. We think, upon the question of whether or not the rock was of such character as to ordinarily require blasting, proof should also be now permitted. Three items, therefore, are to be de-

termined by the court or jury, from competent evidence, as questions of fact, viz.:

(1) Was the rock in question of such a character as would ordinarily, without the existence of unusual conditions, have been blasted under the terms and conditions of the original agreement between the parties?

(2) What amount would be due plaintiff for the removal of this rock, removed as it was, in the manner and upon the terms agreed upon between it and the drain commissioners after the work on the drain had begun?

(3) What amount would be due plaintiff under the terms of the written contract had the rock been blasted?

If question No. 1 is answered in the affirmative, plaintiff is entitled to recover the amount so determined under item No. 2, provided it is not in excess of the amount found under item No. 3. If it should exceed such an amount, plaintiff will be limited in its recovery thereto, as in no event can plaintiff recover for a greater sum than it would have been entitled to had the rock been blasted as provided by the original written contract.

The case will be remanded for a new trial for the sole and only purpose of determining the above named questions of fact. In all other respects we reaffirm the conclusions reached in the original opinion.

SHARPE, C. J., and BIRD, FELLOWS, and McDONALD, JJ., concurred with SNOW, J.

WIEST, J. (dissenting). Reargument of this case has convinced me that I was in error in sharing the views expressed in the opinion prepared by Mr. Justice SNOW.

The appealing equities so well stated in that opinion caused obscurement of the great principle of public policy involved. If contracts, requiring open bidding,

may be let and later changed and expense increased, the public rights hang by a slender thread. The contract provided in express terms for the method, manner and compensation for the removal of rock, if encountered. This was departed from and the contractor relieved, at the expense of the public, from performance possible of being had as contracted for. Rock was encountered, but of a formation capable of being removed without blasting, although at greater expense than agreed upon because of heavier equipment required. There was no justification for saddling such additional expense upon the public. I am satisfied that the rock was of a formation easily blasted without danger to neighboring structures as it was in fact removed by use of the dipper reinforced. In this day means are available for protecting nearby structures from injury occasioned by blasting of sandstone. If sanction is given to such a change as here disclosed it will open the way to collusion and fraud and admit of modifications of contracts to perform public work at the will of officials who have no power to make contracts at all, except upon public notice and competitive bids.

The judgment in the circuit court should be affirmed, with costs to defendant.

STEERE and CLARK, JJ., concurred with WIEST, J.